United States District Court
Southern District of Texas
**ENTERED**
April 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § § § § | |
| v. | § § | CRIMINAL NO. 2:15-750-4 |
| NORMA ARGELIA RAMIREZ, Defendant. | § § § | |

## MEMORANDUM OPINION & ORDER

Defendant Norma Argelia Ramirez has filed a letter motion seeking a sentence reduction or transfer. D.E. 201. For the reasons stated below, her motion is denied.

## I. BACKGROUND

In 2016, Defendant pled guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine and conspiracy to money launder. She has served approximately 55 months of her 90-month sentence and has a projected release date of February 19, 2022. Defendant now moves the Court to reduce her sentence so that she can be with her elderly mother, who needs her. In the alternative, she seeks a transfer to the Federal Medical Center in Fort Worth, Texas, (FMC Carswell) to be closer to her mother and because Federal Detention Center–SeaTac is "depressing" and she "do[es]n't receive medical care" for her sleep arrhythmia.

## II. MOTION FOR SENTENCE REDUCTION

Defendant cites no legal authority for her motion; however, 18 U.S.C. § 3582(c)(1)(A) authorizes a court to reduce a defendant's sentence under a limited number of circumstances:

1

> **(c) Modification of an Imposed Term of Imprisonment.—**
> The court may not modify a term of imprisonment once it has been imposed except that—
>> (1) in any case—
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf* or *the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,* whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>>> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The relevant Sentencing Commission policy statement provides that the court may reduce a term of imprisonment and grant release if, "after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that extraordinary and compelling circumstances warrant the reduction" and that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13. In Application Note 1 to USSG § 1B1.13, the Sentencing Commission identifies the "extraordinary and compelling reasons" that may justify early release, which includes "family circumstances".

2

>    **(C) Family Circumstances.--**
>    > **(i)** *The death or incapacitation of the caregiver of the defendant's minor child or minor children.*
>    > **(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
>    **(D) Other Reasons.--**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

USSG § 1B1.13 comment. (n.1) (emphasis added).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

In support of her release, Defendant states that her elderly mother needs her. However, Defendant does not claim that her mother is the caregiver of her own minor children, as required under U.S.S.G. § 1B1.13. Moreover, the Director of the Bureau of Prisons (BOP) has not determined that any other extraordinary and/or compelling reason exists to support Defendant's release. In fact, Defendant does not claim to have pursued her remedies within the BOP before petitioning the Court for a sentence reduction, as required under 18 U.S.C. § 3582(c)(1)(A). Finally, although Defendant claims she has exhibited good behavior while incarcerated, she has not provided the Court with her prison disciplinary history.

## III. MOTION FOR TRANSFER

In the alternative, Defendant seeks a transfer to FMC–Carswell. The Bureau of Prisons (BOP) has the exclusive authority to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP's designation "is not reviewable by any court." *Id.* As such, this Court does not have the authority to order that Defendant be transferred to FMC–Carswell.

## IV. CONCLUSION

For the foregoing reasons, Defendant's letter motion seeking a sentence reduction or transfer (D.E. 201) is **DENIED.**

So **ORDERED** on ____4/29/2020____.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE